IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP F. POLLARINE | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-5312 |
| | : | |
| DAVID BOYER, ET AL. | : | |

**SURRICK, J.**                                                            **JULY 29, 2005**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court is Defendants Detective Sergeant David Boyer ("Boyer") and East Norriton Township Police Department's ("East Norriton Police Department") Motion To Dismiss Plaintiff's Complaint (Doc. No. 4). For the following reasons, Defendants' Motion will be granted in part and denied in part.

**I. BACKGROUND**

On November 16, 2002, several police officers, including Defendant Boyer, responded to a child abuse call made to the East Norriton Police Department by Plaintiff Phillip Pollarine's ("Pollarine") teenage son. (Compl. ¶¶ 17-19.) The officers arrived at Plaintiff's residence and searched for Plaintiff, who was unaware that the officers were on his property. (*Id.* ¶ 22.) The officers found Plaintiff in the second floor bathroom and instructed him to exit the bathroom. (*Id.* ¶ 23.) Because he "was both indisposed and crippled,"[1] Plaintiff could not immediately follow the police officers' instructions, at which point the officers threatened to use pepper spray.

---

[1] Plaintiff suffers from diabetes and severe lower lumbar back problems, and walks with the assistance of a cane. (Compl. ¶¶ 12-14.)

(*Id.*)  Once Plaintiff exited the bathroom with his cane, and as he attempted to pull on his trousers, the police officers "without further warning or cause, jumped upon him and wrestled him onto a bed and jumped, knelt, stood or sat upon his back." (*Id.* ¶¶ 24-25.)  Plaintiff avers that he did not resist arrest and that he attempted to inform the police officers of his ongoing spinal problems. (*Id.* ¶¶ 26, 29.)  After Defendant Boyer handcuffed Plaintiff behind his back, the officers "dragged and wrestled" Plaintiff down the stairs of his residence and into his front yard. (*Id.* ¶¶ 29-30.)

After Plaintiff's arrest, he appeared before Montgomery County District Justice Michael Richman ("District Justice Richman"). (*Id.* ¶ 33.)  After Defendant Boyer charged Plaintiff with simple assault and battery and resisting arrest, District Justice Richman fixed unsecured bail at $5,000 and "orally advised" Plaintiff to stay away from his own residence for "several days" until the domestic disturbance calmed down. (*Id.* ¶¶ 35-36.)  At the request of his wife, Plaintiff reentered his home on November 18, 2002, two days after his arrest. (*Id.* ¶ 37.)

After Plaintiff returned to his residence, "an East Norriton patrol car was continuously and virtually always parked outside or near" Plaintiff's house and Plaintiff himself "was on various occasions followed by East Norriton patrol cars." (*Id.* ¶ 39.)  On November 21, 2002, Boyer warned Plaintiff to leave his residence or face immediate arrest. (*Id.* ¶ 41.)  Later that day, Boyer and other officers entered Plaintiff's residence, "grabbed and wrestled him, placing him in handcuffs with a belt around his back and through the cuffs and . . . forced him to struggle and stagger in his disabled condition from his residence." (*Id.* ¶ 43.)  Plaintiff tried to explain that he was not in violation of District Justice Richman's November 16, 2002, order. (*Id.* ¶ 44.)

After Plaintiff was arrested again, he appeared before District Justice Ester Casillo

("District Justice Casillo").  (*Id.* ¶ 46.)  Boyer completed an "Affidavit of Probable Cause" averring that Plaintiff had violated District Justice Richman's order.  (*Id.*)  Based on this affidavit, District Justice Casillo ordered that Plaintiff be placed in the Montgomery County Jail, where he was held until he appeared before the district justice on November 26, 2002.[2]  (*Id.* ¶ 47.)  During Plaintiff's appearance before District Justice Casillo, Defendant Boyer testified but "could not find any of the terms and conditions for which he had rearrested and incarcerated Pollarine within District Justice Richman's Order."  (*Id.* ¶ 55.)

Plaintiff filed the instant Complaint on November 15, 2004, against Boyer and the East Norriton Police Department (Doc. No. 1), which asserts the following claims against both Defendants:  (1) violation of 42 U.S.C. § 1983; (2) violation of the Constitution of the Commonwealth of Pennsylvania; (3) false imprisonment; (4) false arrest; (5) malicious prosecution; and (6) assault and battery.  Defendants seek to dismiss the state constitutional and tort claims.[3]  (Defs.' Mem. of Law In Support of Mot. to Dismiss (Doc. No. 4) at unnumbered 2-3.)

## II.  LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim pursuant to

---

[2] During his incarceration, Plaintiff informed the police that he suffered from diabetes, hypertension, and severe impairment of his lumbar spine.  (Compl. ¶ 48.)  However, the jail did not provide him with his customary medications (*id.* ¶¶ 48-49), which resulted in severe physical and emotional harm.  (*Id.* ¶¶ 50-52.)

[3] Defendants' Motion argues that "Plaintiff's Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)."  (Doc. No. 4 at 1.)  However, the Memorandum of Law in support of their Motion does not address the merits of Plaintiff's claims under 42 U.S.C. § 1983.  Thus, Plaintiff may proceed with his § 1983 claims against both Defendants.

3

Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F. 2d 644, 645 (3d Cir. 1989). A district court may dismiss a complaint only if it appears beyond doubt that the plaintiff can prove no facts which would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A district court need not, however, credit a party's "bald assertions" or "legal conclusions" when determining a motion to dismiss. *Naeem v. Bensalem Twp.*, Civ. A. No. 04-CV-1958, 2005 U.S. Dist. LEXIS 4713, at *4 (E.D. Pa. Mar. 25, 2005) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997)).

### III.   ANALYSIS

#### A.   Asserted Violation of Pennsylvania Constitution

Defendants seek dismissal of Plaintiff's claims under the Pennsylvania Constitution. (Defs.' Mem. of Law In Support of Mot. to Dismiss (Doc. No. 4) at unnumbered 2-3.) Plaintiff's Complaint seeks the recovery of damages against Defendants, as opposed to injunctive relief.[4] The Pennsylvania Constitution does not confer a private right of action on an individual who seeks to recover damages from a defendant. *Kaucher v. County of Bucks*, Civ. A. No. 03-1212, 2005 U.S. Dist. LEXIS 1679, at *32 (E.D. Pa. Feb. 7, 2005) (stating that "[i]t has been widely held that the Pennsylvania Constitution does not provide a direct right to damages" (collecting cases)); *see also Morris v. Dixon*, Civ. A. No. 03-CV-6819, 2005 U.S. Dist. LEXIS 7059, at *43 (E.D. Pa. Apr. 20, 2005) (dismissing state constitutional claim which sought money damages);

---

[4]Plaintiff "prays for judgment in his favor and against the Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000)." (Compl. at 20.)

*Mulgrew v. Fumo*, Civ. A. No. 03-CV-5039, 2004 U.S. Dist. LEXIS 14654, at *15 (E.D. Pa. July 29, 2004) (dismissing state constitutional claims which sought money damages and equitable relief). Thus, Plaintiff does not have a private right of action to pursue his claim for damages against either the East Norriton Police Department or Boyer. Accordingly, we will dismiss his state constitutional claims against both Defendants.

    **B.**    **Asserted Tort Claims**

        1.    East Norriton Police Department

Defendant East Norriton Police Department seeks to dismiss Plaintiff's false arrest, false imprisonment, malicious prosecution, and assault and battery claims against it pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541-8564 ("Tort Claims Act"). The Tort Claims Act states that "except as otherwise provided in this subchapter, no local agency[5] shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee therefor of any other person."[6] 42 Pa. Cons. Stat. § 8541. Section 8542(a)(2) of the statute specifically exempts a local agency from all acts that constitute "crimes, actual fraud, actual malice or willful misconduct." 42 Pa. Cons. Stat.

---

[5] The term "local agency" is defined as "a government unit other than the Commonwealth government." 42 Pa. Cons. Stat. § 8501. The East Norriton Police Department is a local agency under the Tort Claims Act. *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002) (stating that "[b]oth the police department and the Township are political subdivisions and local agencies"); *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 278 (E.D. Pa. 2001).

[6] A local agency may only be liable if its conduct "fits into one of a few narrow categories enumerated in the Tort Claims Act." *Lakits v. York*, 258 F. Supp. 2d 401, 405 (E.D. Pa. 2003). Under the statute, a local agency may be held liable for eight categories of negligent acts: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody, or control of animals. 42 Pa. Const. Stat. § 8542(b). None of these exceptions apply to Plaintiff's tort claims.

§ 8542(a)(2). Because intentional torts are "willful misconduct" under Section 8542(a), *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 368 (E.D. Pa. 2002), a local agency cannot be liable for claims of false arrest, false imprisonment, malicious prosecution, or assault and battery, all of which are intentional torts. *See, e.g., Lakits v. York*, 258 F. Supp. 2d 401, 407 (E.D. Pa. 2003) (explaining that "Pennsylvania municipalities are immune from claims of assault and battery"); *Canty v. City of Philadelphia*, 99 F. Supp. 2d 576, 582 (E.D. Pa. 2000) ("[A]llegations of assault . . . have been held insufficient to defeat the governmental immunity afforded a municipality by the Tort Claims Act."); *Gonzalez v. City of Bethlehem*, Civ A. No. 93-1445, 1993 U.S. Dist. LEXIS 13050, at *8 (E.D. Pa. July 12, 1993) ("The plaintiff's state law claims of assault, battery, false arrest, false imprisonment, [and] malicious prosecution . . . are intentional torts and fall within the description of acts constituting 'willful misconduct' or 'actual malice' as stated in § 8542(a)(2)."). Since Defendant East Norriton Police Department cannot be liable for Plaintiff's false arrest, false imprisonment, malicious prosecution, or assault and battery claims, we will dismiss these state law claims against it.

    2.     Detective Sergeant Boyer

Defendant Boyer also seeks to dismiss Plaintiff's state tort claims against him.[7] Under the Tort Claims Act, employees generally enjoy the same broad immunity as their employing

---

[7]Defendants seem to assert that Plaintiff's tort claims against Defendant Boyer should be dismissed to the extent that he is being sued in his official capacity. (Defs.' Mem. of Law In Support of Mot. to Dismiss (Doc. No. 4) at unnumbered 3.) It is not clear from the Complaint whether Plaintiff asserts his tort claims against Defendant Boyer in his official capacity as a police officer or in his individual capacity. To the extent that Plaintiff seeks to assert his state tort claims against Defendant Boyer in his official capacity, they fail since "any suit against a municipal official in his official capacity must be treated as a suit against the municipal entity itself." *Lakits*, 258 F. Supp. at 408. Thus, we assume that Plaintiff asserts his tort claims against the officer in his individual capacity.

agencies.  *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 279 (E.D. Pa. 2001) ("'An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency . . . .'" (quoting 42 Pa. Cons. Stat. § 8545)).  Therefore, unless an exception to the Tort Claims Act applies, Defendant Boyer is immune from Plaintiff's state claims.

Among its exceptions, the Tort Claims Act provides that an employee of a local agency may be liable for an injury caused by his act "in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct . . . " 42 Pa. Cons. Stat. § 8550.  Thus, a police officer may be liable in his individual capacity if his acts constitute willful misconduct.  In the context of alleged police misconduct, "willful misconduct" means that the police officers committed an intentional tort knowing that their conduct was tortious.  *See, e.g., DeBellis*, 166 F. Supp. 2d at 279 ("In the context of police misconduct cases, it is improper to equate willful misconduct with the commission of an intentional tort.  Instead, there must be a determination not only that the officer committed the acts in question, but that he willfully went beyond the bounds of the law." (citing *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994))); *In re City of Philadelphia Litig.*, 938 F. Supp. 1264, 1273 (E.D. Pa. 1996) (holding that in cases involving allegations of police misconduct, "willful misconduct" under the Tort Claims Act means "misconduct which the perpetrator recognized was misconduct and which was carried out with the intention of achieving

exactly that wrongful purpose"), *aff'd*, 158 F.3d 723 (3d Cir. 1998).[8]

We will not dismiss Plaintiff's false arrest, false imprisonment, malicious prosecution, or assault and battery claims against Defendant Boyer. Plaintiff avers that Defendant Boyer intentionally and willfully engaged in tortious conduct against him. Pollarine generally alleges that Defendant Boyer acted "knowingly, intentionally and maliciously and in the knowing and/or careless disregard of Plaintiff's rights." (Compl. ¶ 72.) Specifically, Plaintiff avers that Boyer: (1) "knowingly and intentionally" arrested him on November 21, 2002, without probable cause (*id.* ¶ 90); (2) "knowingly and intentionally held and restrained" him without just cause (*id.* ¶ 88); (3) "maliciously and intentionally" pursued improper criminal charges against him (*id.* ¶ 99); and (4) used "excessive, unreasonable, unnecessary and unjustified" force against him. (*Id.* ¶ 101.) Viewing the allegations in the Complaint in the light most favorable to Plaintiff, such conduct could rise to the level of "willful misconduct" as that term is used in the Tort Claims Act. *See* Fed. R. Civ. P. 8(a). Accordingly, at this juncture, we cannot conclude that Defendant Boyer is entitled to immunity under the Act. Defendant Boyer's Motion to dismiss Plaintiff's state tort claims against him in his individual capacity will be denied.

An appropriate Order follows.

---

[8]Although employees of local agencies are denied immunity under Section 8550 for their "willful misconduct," Section 8550 does not strip immunity from the agency itself. 42 Pa. Cons. Stat. § 8542(a); *see also Cooper v. City of Chester*, 810 F. Supp. 618, 626 n.8 (E.D. Pa. 1992) (collecting cases).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP F. POLLARINE : | |
| : | CIVIL ACTION |
| : | |
| v. : | |
| : | NO. 04-CV-5312 |
| : | |
| DAVID BOYER, ET AL. : | |

## ORDER

AND NOW, this 29th day of July, 2005, upon consideration of Defendants Detective Sergeant David Boyer and East Norriton Township Police Department's Motion To Dismiss Plaintiff's Complaint (Doc. No. 4, No. 04-CV-5312), and all papers filed in support thereof and in opposition thereto, it is ORDERED that the Motion to Dismiss is GRANTED in part and DENIED in part as follows:

1. Plaintiff's claim alleging violation of the Constitution of the Commonwealth of Pennsylvania is DISMISSED with prejudice as to all Defendants;

2. Plaintiff's claims alleging false arrest, false imprisonment, malicious prosecution, and assault and battery are DISMISSED with prejudice as to Defendant East Norriton Township Police Department; and

3. Defendant Detective Sergeant David Boyer's Motion to Dismiss Plaintiff's false arrest, false imprisonment, malicious prosecution, and assault and battery claims is DENIED.

IT IS SO ORDERED.

BY THE COURT:

S:/R. Barclay Surrick, Judge